IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00431-WJM-CBS

SAM ROZENBERG,
    Plaintiff,
v.

JUDITH KNIGHT, and
MIKE PEREZ,
    Defendants.

_____

AMENDED ORDER[1]
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff Mr. Rozenberg's "Motion for the Appointment of Counsel" (filed June 4, 2012) (Doc. # 35). Pursuant to the Order of Reference dated March 21, 2012 (Doc. # 16) and the memorandum dated June 4, 2012 (Doc. # 36), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Mr. Rozenberg was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on February 24, 2012. (*See* Doc. # 5). Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

---

[1]     Amended to correct the date of issuance of the Order on page 2.

1

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Rozenberg's request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Rozenberg is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Contrary to Mr. Rozenberg's characterization, his claims are not particularly complex and, even if proved, would not "establish multiple constitutional violations." The likelihood of a trial is unclear at this stage of the litigation. The merits of Mr. Rozenberg's claims do not at this time provide an adequate basis for the court to request counsel to volunteer to represent him.

Accordingly, IT IS ORDERED that Plaintiff Mr. Bingaman's "Motion for the Appointment of Counsel" (filed June 4, 2012) (Doc. # 35) is DENIED.

DATED at Denver, Colorado, this ~~3rd~~ 5th day of ~~May~~ June, 2012.

                BY THE COURT:

                 s/Craig B. Shaffer
                 United States Magistrate Judge