IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00431-WJM-CBS

SAM ROZENBERG,
     Plaintiff,

v.

JUDITH KNIGHT, and
MIKE PEREZ,
     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Defendants' Motion to Dismiss or Motion for

Summary Judgment (Doc. # 27), filed on May 21, 2012. Pursuant to the Order Referring

Case dated March 21, 2012 (Doc. # 16) and the memoranda dated May 22, 2012 (Doc. # 29)

and May 25, 2012 (Doc. # 31), this matter was referred to the Magistrate Judge. The court

has reviewed the Motion, Mr. Rozenberg's Response (filed October 1, 2012) (Doc. # 65),

Defendants' Reply (filed October 15, 2012) (Doc. # 66), the hearing held on May 31, 2012

(*see* Courtroom Minutes/Minute Order (Doc. # 34)), the pleadings, the exhibits, the affidavit,

and the applicable law and is sufficiently advised in the premises.


I.     Statement of the Case

Plaintiff Sam Rozenberg was released from the custody of the Colorado Department of

Corrections ("CDOC") on or about August 21, 2012 and currently resides in Brooklyn, New

York. (*See* Statutory Discharge (Doc. # 61-1); Notice of Change of Address (Doc. # 58)).

Mr. Rozenberg's allegations arise from events that occurred between October 2009 and

February 17, 2010 while he was incarcerated at the Arkansas Valley Correctional Facility

("AVCF") in Crowley, Colorado. (*See* Amended Prisoner Complaint ("AC") (Doc. # 6).

Proceeding *pro se*, Mr. Rozenberg alleges pursuant to 42 U.S.C. § 1983 and several state statutes that Defendants violated his constitutional rights. (*See id.*).[1] Mr. Rozenberg alleges six claims that his Eighth Amendment rights were violated when: (1) Defendant Knight failed to protect him from sexually assaultive behavior by inmate Eugene Calkins; (2) Defendant Knight subjected him to a substantial risk of serious harm by placing him and other offenders unsupervised in a locked room; (3) Defendant Perez labeled him a "Snitch" and a "Rat;" (4) Defendant Perez failed to prevent unwanted sexual contact by inmate Calkins; (5) Defendant Perez failed to intervene when he was sexually attacked by inmate Calkins on February 17, 2010; and (6) Defendant Perez subjected him to a substantial risk of serious harm by placing him and other offenders unsupervised in a locked room. (*See* Doc. # 6 at 12-14 of 17). Mr. Rozenberg seeks declaratory relief, compensatory damages, and punitive damages. (*See id.* at 16 of 17). Defendants move to dismiss or for summary judgment on Mr. Rozenberg's claims on several grounds.

---

[1] Mr. Rozenberg "assert[s] jurisdiction pursuant to the following additional or alternative statutes (if any): C.R.S. 18-3-401 (Definitions (Unlawful Sexual Behavior)), C.R.S. 17-1-103.8 (Prison sexual assault prevention program), C.R.S. 17-1-103.8 (Duties of executive director – inspector general – investigators – duties), C.R.S. 16-2.5-134 (Department of corrections inspector general – department of corrections investigator), C.R.S. 24-50-116 (Standards of performance and conduct), C.R.S. 18-8-403(1)(a) (Official oppression (Abuse of Public Office)), C.R.S. 18-8-404(1)(b) (First degree official misconduct (Abuse of Public Office)))." (*See* Doc. # 6 at 3 of 17, ¶ 2). To the extent that Mr. Rozenberg alleges jurisdiction under Colo. Rev. Stats. Title 18, he does not state a cognizable claim for relief. Criminal statutes do not provide a private right of action and are not enforceable by individuals through a civil action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). *See also Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Criminal statutes cannot be enforced by civil actions"); *Martinez v. Ensor*, 958 F. Supp. 515, 518 (D. Colo. 1997) ("Generally, private citizens have no authority to institute a federal criminal prosecution"). Even if Defendants violated Colo. Rev. Stats. Title 16 or 17, there is nothing to suggest that these statutes were intended to provide Mr. Rozenberg a private claim for relief. *See USA Tax Law Center, Inc. v. Office Warehouse Wholesale, LLC,* 160 P.3d 428, 430 (Colo. App. 2007) ("[a]bsent statutory intent to create a private right of action, courts may not create one, . . . .") (internal quotation marks and citation omitted).

II.     Standard of Review

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or for summary judgment pursuant to Fed. R. Civ. P. 56.

Defendants' assertion of Eleventh Amendment immunity constitutes a challenge to the allegations of subject matter jurisdiction in the Complaint. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court"); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) ("Once effectively asserted [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction.") (original emphasis omitted)). Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The determination of subject matter jurisdiction is a threshold issue of law, *Madsen v. U.S. ex rel. U.S. Army Corps. of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987), that the court addresses before turning to the merits of the case. *Ruiz*, 299 F.3d at 1180. A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). *See also Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction.") (internal quotation marks and citations omitted). As the party asserting jurisdiction, Mr. Rozenberg bears the burden of establishing that this court has jurisdiction to hear his claims. *American Fair Credit Ass'n v. United Credit Nat. Bank*, 132 F. Supp. 2d

3

1304,1308-09 (D. Colo. 2001) (citation omitted).

Defendants argue pursuant to Rule 12(b)(6) that Mr. Rozenberg fails "to state a claim upon which relief can be granted." The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F. 3d 1210, 1215 (10th Cir. 2007) (internal quotation marks and citation omitted). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S.Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Defendants assert pursuant to Rule 56 that Mr. Rozenberg failed to exhaust his administrative remedies regarding the incident that occurred on February 17, 2010.

> Summary judgment is warranted under Federal Rule of Civil Procedure 56 if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. When, as here, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim. The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate specific facts showing that there is a genuine issue for trial.
> Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. A disputed fact is material if under the relevant substantive law it is essential to proper disposition of the claim. An issue is genuine if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.

*Llewellyn v. Allstate Home Loans, Inc.*, 795 F. Supp. 2d 1210, 1222 (D. Colo. 2011) (internal quotation marks and citation omitted).

Because Mr. Rozenberg appears *pro se*, the court "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."
*Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).
*See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se*
complaint "to less stringent standards than formal pleadings drafted by lawyers"). "The
*Haines* rule applies to all proceedings involving a pro se litigant, including . . . summary
judgment proceedings." *Hall Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991) (citations
omitted). However, a court may not assume that a plaintiff can prove facts that have not
been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.
*See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as
pro se litigant's advocate); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th
Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's
complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court
may not "construct arguments or theories for the plaintiff in the absence of any discussion of
those issues").

As the Amended Complaint has been sworn to under penalty of perjury (*see* Doc. # 6
at 17 of 17), the court may treat it as an affidavit. *Green v. Branson*, 108 F.3d 1296, 1301 n.
1 (10th Cir. 1997). Where the court treats a verified complaint as an affidavit, whether a
party's affidavit in opposition to summary judgment is "sufficient to create a genuine issue of
material fact must be evaluated in light of the principle that conclusory allegations without
specific supporting facts have no probative value." *Nichols v. Hurley*, 921 F.2d 1101, 1113
(10th Cir. 1990) (internal quotation marks and citation omitted). *See also Abdulhaseeb v.
Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) ("[A] verified complaint may be treated as an
affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in
Rule 56(e).") (internal quotation marks and citation omitted). "[T]here may be cases where
the sole reliance on a verified complaint would be insufficient to meet a nonmoving party's

burden . . . , especially when the allegations contained in the pleading are merely conclusory." *Conaway v. Smith*, 853 F.2d 789, 792-93 (10th Cir. 1988).

III.     Analysis

Section 1983 creates a cause of action where a  "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution."  Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law.  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979).  To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of law.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII.  "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).  Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment.  *Whitley v. Albers*, 475 U.S. at 319.

"Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Farmer*, 511 U.S. at 833 (internal quotation marks and citation omitted).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  *Farmer*, 511 U.S. at 834.  Where an Eighth Amendment claim is based upon conditions of confinement, an

inmate must satisfy a two-prong test that (1) the deprivation suffered was "objectively 'sufficiently serious,'" and (2) the defendant had a "sufficiently culpable state of mind" or was "deliberately indifferent" to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991). The objective component of an Eighth Amendment claim addresses whether Mr. Rozenberg is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. The subjective component of an Eighth Amendment claim addresses whether Defendants had the culpable state of mind known as "deliberate indifference." *Farmer*, 511 U.S. at 834.

A.       Liability of Defendants in their Official Capacities

Mr. Rozenberg sues Defendants in both their individual and official capacities. (*See* Doc. # 6 at 4 of 17, ¶¶ 3,4). To the extent that Mr. Rozenberg is suing Defendants in their official capacities, he is actually attempting to impose liability on their employer, the Colorado Department of Corrections ("CDOC"). *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state).

The CDOC is considered an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5. The Eleventh Amendment provides for the sovereign immunity of a state or state actors sued in federal court. *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007). "[W]hen a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the real party in interest is the state, and the suit is barred by the Eleventh Amendment." *Id.* (internal quotation marks and citation omitted). The Eleventh Amendment confers total immunity from suit, not merely a defense to liability. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citation omitted).

To the extent that Mr. Rozenberg is suing Defendants who are state employees in their official capacities for money damages, such claims are properly dismissed as barred by the Eleventh Amendment.

The Eleventh Amendment does not always bar actions in federal court seeking injunctive relief against state officials. *Kentucky v. Graham*, 473 U.S. 159, 164 (1985). Mr. Rozenberg does not seek injunctive relief. (*See* Doc. # 6 at 16 of 17). Further, Mr. Rozenberg's release from AVCF on August 21, 2012 would moot any request for injunctive relief. *See Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (following release from prison, inmate's claims for declaratory and injunctive relief were moot); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (stating that release to parole from prison generally moots claims for injunctive relief); *Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (holding that release from prison moots claims for declaratory and injunctive relief). As there is no reasonable expectation that Mr. Rozenberg will be subjected to this conduct again, this is not the type of claim to which an exception to the mootness doctrine applies. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (recognizing exception to the mootness doctrine where there is a "reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party") (internal quotation marks and citation omitted).

Nor does the Eleventh Amendment bar actions for damages against state officials in their individual capacities. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (quoting *Graham*, 473 U.S.

8

at 167 n. 14). To the extent that Mr. Rozenberg is suing Defendants in their individual capacities, personal capacity suits seek to impose personal liability upon a government official for actions he or she takes. *Graham*, 473 U.S. at 165-67. The court proceeds to evaluate whether Mr. Rozenberg states any claim against Defendants in their individual capacities.

B.      Liability of Defendants in their Individual Capacities

Mr. Rozenberg alleges violation of the U.S. Constitution by Defendants based on their failure to protect him from sexually assaultive behavior by inmate Calkins.

1.      Statute of Limitations

Defendants argue that the statute of limitations bars Mr. Rozenberg's claims that are based on any conduct that occurred before February 17, 2010. Federal courts must look to the applicable state statute of limitations to determine the timeliness of claims brought under § 1983. *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983. *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d at 750 (applying § 13-80-102 to § 1983 claim).

Mr. Rozenberg's own allegations support dismissal of his claims based on any conduct alleged to have occurred prior to February 15, 2010, as barred by the statute of limitations. *See Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n. 13 (11th Cir. 2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the

statute.") (internal quotation marks and citations omitted); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (complaint may be dismissed where the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (citation omitted). Mr. Rozenberg's claims arise from conduct that he alleges occurred between October 2009 and February 17, 2010. A prisoner's *pro se* complaint alleging a § 1983 action against state prison officials is treated as filed with the court on the date the prisoner gave it to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 271 (1988). Mr. Rozenberg executed his original complaint on February 15, 2012. (*See* Doc. # 1 at 20 of 20).[2] Any conduct alleged to have occurred prior to February 15, 2010 occurred more than two years before Mr. Rozenberg executed the original Complaint and outside the two-year statute of limitations. Mr. Rozenberg makes no argument for tolling the statute of limitations.[3] Mr. Rozenberg's claims are barred by the statute of limitations to the extent that he alleges any conduct that occurred before February 15, 2010. The only conduct alleged in the Amended Complaint that is not barred by the statute of limitations is thus the conduct that occurred on February 17, 2010.

2.      Exhaustion of Administrative Remedies as to Claims Against
Defendant Perez

Defendants move for summary judgment on Mr. Rozenberg's claims based on the

_____

[2]     The court received Mr. Rozenberg's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. # 2) and the initial Complaint (Doc. # 1) on February 17, 2012.

[3]     State law determines the applicable statute of limitations and accompanying tolling provisions for § 1983 actions. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). "Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." *Overheiser v. Safeway Stores, Inc.*, 814 P.2d 12, 13 (Colo. App. 1991).

February 17, 2010 incident on the ground that he failed to exhaust his administrative

remedies under the Prison Litigation Reform Act of 1996 ("PLRA"). The PLRA provides that

"[n]o action shall be brought with respect to prison conditions under section 1983 of this title,

or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." 42 U.S.C. §

1997e(a). "An inmate who begins the grievance process but does not complete it is barred

from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."

*Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002). The "PLRA's exhaustion

requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532

(2002).

 The PLRA's requirement that an inmate exhaust all available administrative remedies

before initiating suit is mandatory. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006)

("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). *See

also Jones v. Bock*, 549 U.S. 199, 210-212 (2007) ("There is no question that exhaustion is

mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Even

where the "available" remedies would appear to be futile at providing the kind of remedy

sought, the prisoner must exhaust the administrative remedies available. *Jernigan*, 304 F.3d

at 1032 (citing *Booth v. Churner*, 532 U.S. 731, 731-32 (2001) (PLRA requires exhaustion in

all matters regardless of remedy sought and availability of remedy at the agency level)).

 "To exhaust administrative remedies an inmate must properly comply with grievance

procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*,

511 F.3d 1109, 1112 (10th Cir. 2007). "[T]o properly exhaust administrative remedies

prisoners must complete the administrative review process in accordance with the applicable

procedural rules, -- rules that are defined not by the PLRA, but by the prison grievance

process itself." *Jones v. Bock*, 549 U.S. at 218 (internal quotation marks and citation

omitted). Thus, it is the prison's own grievance procedures that set forth what the prisoner must do in order to exhaust his or her administrative remedies. *Id.*, 549 U.S. at 218 (citation omitted). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

After *Jones v. Bock*, a failure to exhaust administrative remedies constitutes an affirmative defense which must be pled and proved by defendants. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendants submit evidence that Mr. Rozenberg failed to exhaust administrative remedies as to the February 17, 2010 incident. The CDOC has a Grievance Procedure available to inmates which entails first a written informal grievance and then a formal three-step written grievance procedure. (*See* CDOC Administrative Regulation ("AR") No. 850-04, Attachment 1 to Defendants' Motion (Doc. # 27-1 at 5 of 23); Affidavit of Anthony DeCesaro, Exhibit A-1 to Defendant's Motion (Doc. # 27-1 at ¶ 4)). The court may take judicial notice of the CDOC's administrative process. *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (court may take judicial notice of agency rules and regulations); *Muniz v. Kaspar*, No. 07-cv-01914-MSK-MJW, 2008 WL 3539270, at * 3 (D. Colo. Aug. 12, 2008) (taking "judicial notice of AR 850-04, the administrative regulation describing the grievance process").[4]

AR 850-04 requires an inmate to file a Step 1 grievance, a Step 2 grievance, and a Step 3 grievance. (*See* AR 850-04 Section IV. F. 2. (Doc. # 27-1 at 9 of 23)). A Step 1 grievance must be filed no later than thirty calendar days after the date the prisoner knew, or should have known, of the facts giving rise to the grievances. (*See* AR 850–04 IV. H. 1. a.). When an offender wishes to proceed to the next step in the process, the offender shall file the next step within five calendar days after receiving a written response to the previous step.

---

[4]   Copies of unpublished cases cited are attached to this Recommendation.

(*See* AR 850-04 Section IV. H. 1. c.).  "In the event the time limit concerning any step of the process expires without a response, the offender may proceed to the next step within five calendar days of the date the response was due."  (AR 850–04 IV. H. 1. d.).  A Step 3 grievance is the final step in the grievance process.  (*See* Doc. # 27-1 at 2 of 23, ¶ 8).

As a Step 3 Grievance Officer for CDOC, Mr. DeCesaro reviewed CDOC records of Mr. Rozenberg's grievances.  (*See* Doc. # 27-1 at 2 of 23, ¶ 9).  Mr. Rozenberg filed Grievance No. AV09/10-384 on February 25, 2010, complaining of unprofessional conduct by Defendant Perez in failing to protect him from sexual harassment by inmate Calkins.  (*See* Doc. # 27-1 at 20-23 of 23).[5]  Prior to receiving the response to his Step 1 grievance, Mr. Rozenberg filed his Step 2 grievance on March 31, 2010 pursuant to AR 850-04(IV)(H)(1)(d) because the time limit for receiving a response had passed.   (*See id.* at ¶ 11).  Mr. Rozenberg received the response to his Step 2 grievance on April 27, 2010.  (*See id.* at ¶ 12). On May 6, 2010, Mr. Rozenberg filed his Step 3 grievance. (*See id.* at ¶ 13). This Step 3 grievance was filed outside of the five day time limit set forth in AR 850-04(IV)(H)(1)(c), requiring offenders who wish to proceed to the next step in the grievance process to submit their written grievance within five calendar days of receiving the written response to the previous step.  (*See id.* at ¶ 14).  Mr. Rozenberg's Step 3 grievance was denied based on his procedural failure to timely file his Step 3 grievance.  (*See id.* at ¶ 15).  The evidence demonstrates that Mr. Rozenberg did not properly complete the CDOC's 3-step grievance process as to his claims against Defendant Perez.

As Defendants' Motion is properly supported, the burden shifts to Mr. Rozenberg to show, by tendering competent evidence, that summary judgment is not proper.  Mr.

_____

[5]    Also on February 25, 2010, Mr. Rozenberg filed Grievance No. AV09/10-386, complaining that Defendant Knight did nothing to prevent harassment by inmate Calkins prior to February 17, 2010.  (*See* Doc. # 65-2 at 1-4 of 4).

Rozenberg concedes that he "did not properly exhaust his administrative remedies against Defendant Perez." (*See* Response (Doc. # 65) at 3 of 8, ¶ 12; *see also* audio recording of Preliminary Scheduling Conference held on May 31, 2012). Nevertheless, Mr. Rozenberg argues that the result of an investigation by the Inspector General's Office satisfied the exhaustion requirement. Mr. Rozenberg alleges that on February 18, 2010, he met with an employee of the Inspector General's Office to discuss the incident that occurred on February 17, 2010. (*See* Doc. # 6 at 10-11 of 17, ¶¶ 109-138). Mr. Rozenberg asked to be removed "from his duties in the kitchen and the plaintiff was officially removed from the plaintiff's duties on 2/18/2010." (*See id.* at 11 of 17, ¶ 138). Mr. Rozenberg argues that because he was satisfied with this relief, his administrative remedies were exhausted.

"A grievance through informal channels satisfies the exhaustion requirement if the prisoner thereby obtained a favorable resolution of his grievance." *Thomas v. Cassleberry*, 315 F. Supp. 2d 301, 304 (W.D.N.Y. 2004). "Once a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies are exhausted. Prisoners are not required to file additional complaints or appeal favorable decisions in such cases." *Ross v. Bernalillo County*, 365 F.3d 1181, 1187 (10th Cir. 2004), *overruled on other grounds by Jones v. Bock*, 549 U.S. at 199. Mr. Rozenberg was removed from kitchen duties on February 18, 2010 pursuant to an investigation by the Inspector General that was separate from CDOC's grievance process, before he filed his grievances on February 25, 2010. His Step 1 grievances seek relief other than removal from his kitchen duties. (*See* Doc. # 65-2 at 1-4 of 4 (wherein Mr. Rozenberg grieved Defendant Knight's conduct); Doc. # 27-1 at 20-23 of 23 (wherein Mr. Rozenberg grieved Defendant Knight's conduct)). Mr. Rozenberg has not submitted any evidence that the Inspector General's investigation resulted in a favorable resolution of the issues he raised in his grievances. While Mr. Rozenberg argues that he was satisfied by the result of the Inspector General's

investigation, he filed grievances a week later, on February 25, 2010, addressing not his assignment to kitchen duties, but Defendants' conduct. He then exhausted his grievance against Defendant Knight but did not exhaust his grievance against Defendant Perez. (*See* Doc. # 65-2 at 1 of 4;  Doc. # 27-1 at 23 of 23).

The record supports the affirmative defense that Mr. Rozenberg did not properly exhaust his available administrative remedies as to his claims against Defendant Perez Even viewing the evidence in the record in a light most favorable to Mr. Rozenberg and drawing all reasonable inferences in his favor, *Turner v. Public Service Co. of Colorado*, 563 F.3d 1136, 1142 (10th Cir. 2009), the court concludes that Mr. Rozenberg's arguments and evidence do not support the existence of any genuine issue of fact to demonstrate proper exhaustion of his available administrative remedies as to his claims against Defendant Perez. Defendant Perez is entitled to summary judgment on Mr. Rozenberg's claims for failure to exhaust administrative remedies.

3.      Failure to State a Claim Against Defendant Knight

Mr. Rozenberg sues Defendant Knight in her individual capacity as "a correctional Lieutenant in charge of the PM shift for Food Service at ACVF." (*See* Doc. # 6 at 4 of 17, ¶ 3). Defendant Knight argues that Mr. Rozenberg fails to plead sufficient facts to support an inference that she had any personal participation in or any supervisory liability for the alleged violations of his constitutional rights.

Individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility.  *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted);  *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action)

(citation omitted); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim."). A defendant may not be held liable merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A plaintiff must both allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation. *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial").

Mr. Rozenberg sets forth nothing more than conclusory allegations against Defendant Knight as to the conduct that occurred on February 17, 2010. Mr. Rozenberg alleges that "[o]n the night of 2/17/2010," Defendant Knight was "present for work in the PM shift at food service" and that between 6:45 and 7:35 p.m. "all the kitchen staff members, including Lt. Knight were busy working on the trouble with the dishwasher in the kitchen." (*See* Doc. # 6 at 8 of 17, ¶¶ 70, 72). After the assault on Mr. Rozenberg by inmate Calkins, "[a]pproximately at 7:35 PM, staff returned from the kitchen area, to the East Dining hall, including Lt. Knight." (*See id.* at 10 of 17, ¶ 103). Mr. Rozenberg alleges no more than Defendant Knight's presence in the kitchen in her supervisory capacity. Mr. Rozenberg does not identify any specific action by Defendant Knight that gave rise to any constitutional violation on February 17, 2010. Mr. Rozenberg does not plead that Defendant Knight had any direct contact with him or in any way caused or participated in the alleged constitutional violation.

Mr. Rozenberg's argument that Defendant Knight "is experienced enough to understand the behaviors of offenders, as to what harm they are capable of committing on

people" is unavailing.  (*See* Doc. # 65 at 6 of 8, ¶ 25; *see also* audio recording of Preliminary

Scheduling Conference held on May 31, 2012 (Mr. Rozenberg arguing that Defendant Knight

should have known an assault could occur)).  To state a claim under the Eighth Amendment,

a plaintiff must allege that the defendants actually knew of the risk; it is insufficient to allege

that they should have known of the risk.  *See Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th

Cir. 2003).  A showing of simple, or even heightened, negligence does not establish that

Defendant Knight was subjectively aware of the risk.  *Verdecia*, 327 F.3d at 1176.

Mr. Rozenberg's argument that "Defendant Knight held the rank of Lieutenant, thus

Defendant Knight was entrusted by C.D.O.C. to properly supervise her employees and

inmates in her custody, which she failed in many respects" is also unavailing.  (*See* Doc. # 65

at 6 of 8, ¶ 25).  A plaintiff may not rely upon the doctrine of *respondeat superior* to hold a

defendant liable merely by virtue of a defendant's supervisory position.  *See Serna v.

Colorado Dept. of Corrections*, 455 F.3d 1146, 1151–52 (10th Cir.2006).  "Supervisors are

only liable under § 1983 for their own culpable involvement in the violation of a person's

constitutional rights."  *Id.*

Mr. Rozenberg further fails to allege sufficient facts to support the subjective

component of his Eighth Amendment claim, that Defendant Knight was deliberately indifferent

to a substantial risk of serious harm to him.  The subjective component of an Eighth

Amendment claim requires "that the official actually be 'aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference.'" *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (quoting *Farmer*,

511 U.S. at 837).  Liability can only be based on actual knowledge of a substantial risk of

serious harm, not on an "official's failure to alleviate a significant risk that he should have

perceived but did not. . . ." *Farmer*, 511 U.S. at 838.  "An official's failure to alleviate a

significant risk of which he was unaware, no matter how obvious the risk or how gross his

negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation." *Tafoya*, 516 F.3d at 916 (citation omitted). To meet the subjective component of an Eighth Amendment claim, a plaintiff must establish the defendant "knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 847).

Mr. Rozenberg's allegations fail to support an inference that on February 17, 2010 Defendant Knight was aware of any specific risk to him and disregarded such risk. Mr. Rozenberg merely alleges that Defendant Knight was in the kitchen working on the dishwasher when inmate Calkins assaulted him in another location. There are no allegations to support an inference that Defendant Knight subjectively knew of a risk to Mr. Rozenberg from inmate Calkins and consciously disregarded such risk. Mr. Rozenberg's allegations are insufficient to support the element of deliberate indifference. In sum, Mr. Rozenberg fails to allege a basis for holding Defendant Knight individually liable for an Eighth Amendment violation.

4.      Qualified Immunity

Defendants in their individual capacities raise the defense of qualified immunity. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in

deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*

Once a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to show that (1) the defendant violated a constitutional or statutory right and (2) the constitutional or statutory right was clearly established when the alleged violation occurred. *Verdecia*, 327 F.3d at 1174. As the court concludes that Mr. Rozenberg fails to allege or demonstrate any constitutional violation, Defendants in their individual capacities are entitled to qualified immunity. The court need not reach the "clearly established" prong of qualified immunity to conclude that Mr. Rozenberg's claims fail. *See Wilder*, 490 F .3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

Accordingly, IT IS RECOMMENDED that:

1.     Defendants' Motion to Dismiss or Motion for Summary Judgment (Doc. # 27) (filed on May 21, 2012) be GRANTED.

a.     Mr. Rozenberg's claims against Defendants in their official capacities for money damages are properly dismissed without prejudice as barred by the Eleventh Amendment.[6]

b.     Mr. Rozenberg's claims against Defendants based on conduct alleged to have

---

[6]     "Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect." *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010). *See also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

occurred before February 17, 2010 are barred by the statute of limitations.

c. Summary judgment is properly granted on Mr. Rozenberg's claims against Defendant Perez for failure to exhaust prerequisite administrative remedies.

d. Mr. Rozenberg's claims against Defendant Knight are properly dismissed for failure to state a claim to which relief can be granted.

e. As no claims remain, Mr. Rozenberg's Amended Complaint is properly dismissed in its entirety.


**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the

Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file

objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not

apply when the interests of justice require review).

     DATED at Denver, Colorado, this 19th day of November, 2012.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge
