IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-0431-WJM

SAM ROZENBERG

    Plaintiff,

v.

JUDITH KNIGHT, and
MIKE PEREZ

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

---

This matter is before the Court on the November 19, 2012 Recommendation by U.S. Magistrate Judge Craig B. Shaffer (ECF No. 68) that Defendants' Motion to Dismiss or Motion for Summary Judgment (ECF No. 27) be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

The facts are detailed in the Recommendation, which the Court incorporates herein. Briefly, at the time relevant to these events, Plaintiff was a *pro se* prisoner at the Arkansas Valley Correctional Facility in Crowley, Colorado. Defendants are employees of the Colorado Department of Corrections ("CDOC"). Plaintiff's Complaint arises out of an attack that he suffered at the hands of a fellow prisoner on February 17, 2010. Amongst other claims, Plaintiff alleges that Defendants failed to adequately

protect him against this attack and to properly intervene to stop the attack. (ECF No. 6.)

In lieu of an answer, Defendants filed a Motion to Dismiss or Motion for Summary Judgment ("Motion"). (ECF No. 27.) After multiple extensions, Plaintiff filed his opposition to the Motion. (ECF No. 65.) Defendants filed their reply. (ECF No. 66.) On November 19, 2012, Magistrate Judge Shaffer issued his Recommendation that the Motion be granted. (ECF No. 68.) Plaintiff filed a timely Objection. (ECF No. 85.)

## II. STANDARD OF REVIEW

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* FED. R. CIV. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe

his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

The Magistrate Judge's Recommendation arrives at the following conclusions: (1) Plaintiff's claims brought against Defendants in their official capacities are barred by the Eleventh Amendment; (2) Plaintiff's claims arising out of events that occurred before February 15, 2010 are barred by the statute of limitations; (3) Plaintiff's claims against Sgt. Mike Perez should be dismissed for failure to exhaust administrative remedies; (4) Plaintiff fails to state a claim for relief against Lt. Judith Knight in her individual capacity. (ECF No. 68 at 7-18.)

Plaintiff does not object to all of these recommendations. In fact, Plaintiff's Objection addresses only whether he exhausted his administrative remedies as to his claims against Defendant Perez and whether he has stated a claim against Defendant Knight. (ECF No. 85 at 3-4.) Because Plaintiff has not specifically objected to the Magistrate Judge's first two recommendations, the Court need only review the same for clear error. *Summers*, 927 F.2d at 1167; Fed. R. Civ. P. 72. Having reviewed the relevant portions of the record, the Court finds no error in the Magistrate Judge's analysis on these points. Therefore, the Court adopts the Recommendation and finds that Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment and any claim arising out of events that occurred prior to

3

February 15, 2010 are barred by the statute of limitations.

Because Plaintiff has specifically objected to the Magistrate Judge's recommendation that Plaintiff's claims against the Defendants in their individual capacities be dismissed, the Court will review those portions of the Recommendation *de novo* below.

## A. Exhaustion of Claims against Defendant Perez

The Magistrate Judge found that Plaintiff had failed to exhaust his claims against Defendant Perez[1] because "the evidence demonstrates that Mr. Rozenberg did not properly complete the CDOC's 3-step grievance process." (ECF No. 68 at 13.) Plaintiff's grievance against Sgt. Perez was Grievance Number AVO4/10-384. (ECF No. 27-1 at 20-23.) Plaintiff has admitted that he did not properly exhaust his administrative remedies with respect to AVO4/10-384, but alleges that he was excused from doing so because he already received a favorable outcome as a result of an informal grievance process through the Inspector General. (ECF No. 85 at 2.) Specifically, Plaintiff points to evidence showing that he was removed from kitchen duties as a result of his interaction with the Inspector General so there was no need for him to continue to pursue his formal grievance. (*Id.*)

Plaintiff is correct that, once a prisoner obtains the relief he seeks in a grievance—whether through a formal or informal process—he is not required to continue to pursue the administrative process. *See Ross v. Bernalillo Cty.*, 365 F.3d

---

[1] Plaintiff filed a separate grievance (Grievance Number AVO9/10-386) related to his claims against Lt. Knight. (ECF No. 65-2.) This grievance was properly exhausted and the claims against Lt. Knight are discussed below.

1181, 1187 (10th Cir. 2004). However, in this case, Plaintiff's grievance was addressed to issues other than his work assignment in the kitchen. (ECF No. 27-1 at 20-23.) Specifically, Plaintiff's grievance complained that Sgt. Perez was negligent in failing to properly discipline prisoners who had been harassing Plaintiff before the attack. (*Id*.) Plaintiff also alleges that Sgt. Perez witnessed the attack and failed to intervene. (*Id*.) In his grievance, Plaintiff requested that Sgt. Perez be made to step in to immediately correct harassing behavior, treat sex harassment as illegal, and "reform his security skills." (ECF No. 27-1 at 22.)

While Plaintiff's removal from his work assignment in the kitchen may have been provided some of the relief he sought in the grievance, it was not "all the relief that is available under the institution's administrative procedures." *Ross*, 365 F.3d at 1187. In response to Plaintiff's Step 1 grievance, the reviewing officer found that Sgt. Perez had acted professionally and did not attribute any fault to Sgt. Perez. Plaintiff fails to point to any evidence showing that his request for Sgt. Perez to be reprimanded or made to change the manner in which he supervised the kitchen was terminated in his favor. Plaintiff also fails to show that any institutional changes were made to the manner in which inmates were removed from kitchen duties or reprimanded for their behavior during kitchen duties. Thus, Plaintiff has not shown that his failure to exhaust his administrative remedies was excused by the fact that he had already achieved all of the relief he sought.[2]

---

[2] Plaintiff seems to confuse the two grievances that he filed. In his Objection, Plaintiff argues that he exhausted his administrative remedies as shown by the fact that, in deciding Plaintiff's Step 3 grievance, grievance officer DeCesaro responded to three separate issues. (ECF No. 85 ¶¶ 11-12.) However, the evidence supporting this argument (ECF No. 65) relates

Moreover, Plaintiff's argument that he received all of the relief he sought through his grievance is disingenuous when viewed in the context of this incident. The assault on Plaintiff occurred on February 17, 2010 and Plaintiff was removed from his kitchen duties by the Inspector General on February 18, 2010. Despite the fact that he had already been removed from kitchen duties, on February 22, 2010, Plaintiff filed his Step 1 grievance. (ECF No. 27-1 at 20.) If Plaintiff had truly received all of the relief he sought, there would have been no need to file this Step 1 grievance.

Thus, the Court finds that Plaintiff failed to properly exhaust his administrative remedies against Defendant Perez and such claims are dismissed without prejudice.

**B. Merits of Claims against Lt. Knight**

The Magistrate Judge recommends that Plaintiff's claims against Lt. Knight be dismissed with prejudice for failure to state a claim upon which relief could be granted. (ECF No. 68 at 15-18.) Specifically, the Magistrate Judge found that Plaintiff "fails to plead sufficient facts to support an inference that [Lt. Knight] had any personal participating in or any supervisory liability for the alleged violations of his constitutional rights." (*Id*. at 15.)

Plaintiff objects to the Magistrate Judge's finding that he has stated only conclusory allegations against Lt. Knight and argues that he "needs the court to grant a leave for discovery material from the defendants to support plaintiff's allegations." (ECF No. 85 at 3.) Plaintiff contends that he is not the only victim of the "wonton [sic]

---

to Grievance Number AVO9/10-386. As noted above, the Court finds that Plaintiff properly exhausted his administrative remedies on that grievance. However, such exhaustion does not excuse Plaintiff's failure to properly exhaust his administrative remedies in Grievance Number AVO9/10-384.

6

behavior and deliberate indifference towards prisoner safety" by Lt. Knight. (*Id*. at 4.) Plaintiff alleges that there are "intelligence reports" and other "restricted documents" that he needs access to before he can more fully expound on his claims. (*Id*.)

The Court finds Plaintiff's arguments unavailing. In general, a person only has standing to pursue violations of his own civil rights. *See Aid for Women v. Foulston*, 441 F.3d 1101, 1111 (10th Cir. 2006). Thus, the Court fails to see how permitting discovery into Lt. Knight's handling of other matters would assist Plaintiff with stating a claim against Lt. Knight in this case.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege personal participation by each individual defendant in the deprivation of the plaintiff's civil rights. *Vinyard v. King*, 728 F.2d 428, 433 (10th Cir. 1984). More specifically, to state a claim against a supervisor such as Lt. Knight, a plaintiff must show that the supervisor personally "breached a duty to the plaintiff which was the proximate cause of the injury." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010).

To establish a claim of supervisory liability under § 1983, a plaintiff must plead and ultimately prove that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199.

The only allegations against Lt. Knight in Plaintiff's Amended Complaint are that she failed to adequately supervise the staff in the dining room. (Am. Compl. ¶¶ 51-59.) There is no allegation that Lt. Knight personally witnessed the attack or knew of a

substantial risk that the attack would occur. In fact, Plaintiff affirmatively states that Lt. Knight was not present in the dining room during the attack. (Am. Compl. ¶ 72.) In an attempt to establish supervisory liability, Plaintiff simply alleges in a conclusory fashion that Lt. Knight should have been aware that there was a risk of such harm. (*Id*.) However, Plaintiff's allegations of verbal taunts and teasing is not sufficient to show that Lt. Knight reasonably should have known that Plaintiff was going to be physically attacked. *See Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) ("threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm."). As such, Plaintiff's Amended Complaint fails to state a claim for supervisory liability based on Lt. Knight's inaction in failing to protect Plaintiff from the attack he suffered. *See Tafoya v. Salazar*, 516 F.3d 912, 916-17 (10th Cir. 2008) (for supervisory liability to attach, a supervisor must both actually be aware of a substantial risk of serious harm to an inmate and fail to take reasonable steps to protect that individual).

Additionally, Plaintiff fails to allege sufficient facts showing that Lt. Knight established a custom or practice of leaving inmates unsupervised in the dining room that Lt. Knight reasonably should have known would result in the harm Plaintiff suffered. Plaintiff generally alleges that it was "common practice" to leave inmates unsupervised in the dining halls. (Am. Compl. ¶¶ 60-66.) However, Plaintiff is unable to provide any other examples of assaults or mistreatment of inmates by other inmates that resulted from this lack of supervision. *Compare Tafoya*, 516 F.3d at 920 (reversing grant of summary judgment where sheriff failed to install cameras in an area where he knew prior sexual assaults had occurred). Rather, from the allegations in the Amended

Complaint, it appears that Plaintiff was assaulted on a night where the supervisory staff was not in the dining room because they were working on a broken dishwasher for more than thirty minutes. (Am. Compl. ¶ 72.) Therefore, Plaintiff fails to allege sufficient facts showing that Lt. Knight's decision to leave inmates unsupervised (to the extent it could be construed as a conscious decision) was made with the requisite intent to state a claim for supervisory liability. *Compare Henderson v. Glanz*, 2012 WL 5931546, *4 (N.D. Okla. Nov. 27, 2012) (denying motion to dismiss where plaintiff alleged that the defendant sheriff had a policy of under-staffing the jail such that certain portions were unsupervised and that sheriff continued this policy despite the fact that prior assaults had occurred).

Plaintiff's objection that "[i]t is premature for the court to grant summary judgment to defendants without first providing the plaintiff discovery materials" is also unavailing. (ECF No. 85 at 4.) The Court grants Defendants' Motion because it finds that Plaintiff has failed to state a claim, not based on a summary judgment standard. Additionally, Lt. Knight has asserted the defense of qualified immunity, which is intended to protect state officials from the burdens of litigation, including discovery and pre-trial practice. *See Sieger v. Gilley*, 500 U.S. 226, 232 (1991). The Court cannot permit discovery until Plaintiff overcomes the qualified immunity threshold. *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). To defeat qualified immunity, Plaintiff must allege sufficient facts to show that a constitutional violation has occurred and that the alleged wrong violated a firmly established constitutional right. *See Pearon v. Callahan*, 555 U.S. 223, 232 (2009). Because Plaintiff has failed to allege sufficient facts to state a claim for a constitutional violation by Lt. Knight, the Court cannot permit this case to proceed to

discovery.

Having reviewed the issue *de novo*, the Court agrees with the Magistrate Judge's Recommendation that Plaintiff's claims against Lt. Knight be dismissed without prejudice[3] for failure to state a claim upon which relief could be granted.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.  The Magistrate Judge's Recommendation (ECF No. 68) is ACCEPTED;

2.  Defendants' Motion to Dismiss or Motion for Summary Judgment (ECF No. 27) is GRANTED;

3.  Plaintiff's claims against Defendants in their official capacities are DISMISSED WITHOUT PREJUDICE based on Eleventh Amendment immunity;

4.  Plaintiff's claims based on conduct alleged to have occurred before February 17, 2010 are DISMISSED WITH PREJUDICE as barred by the statute of limitations;

5.  Plaintiff's claims against Sgt. Perez in his individual capacity are DISMISSED WITHOUT PREJUDICE for failure to properly exhaust all available administrative remedies;

6.  Plaintiff's claims against Lt. Knight in her individual capacity are DISMISSED

---

[3] While the Court must construe a *pro se* party's pleadings liberally, it cannot act as a *pro se* party's advocate. *Hall*, 935 F.2d at 1110.  Even construing Plaintiff's filings liberally, Plaintiff does not request leave to amend his complaint in either his opposition to the Motion (ECF No. 65) or his objection to the Recommendation (ECF No. 85).  Therefore, the Court dismisses this case.  However, because there is a possibility that Plaintiff could amend his claims in a manner that <u>would</u> state a claim against Lt. Knight, it will dismiss such claims without prejudice.  *See Brerton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (court should dismiss with prejudice when a complaint fails to state a claim and leave to amend would be futile).

WITHOUT PREJUDICE for failure to state a claim upon which relief could be granted; and

7. The Clerk shall enter judgment in favor of Defendants on all claims. Each party shall bear his or her own costs.

Dated this 29th day of March, 2013.

BY THE COURT:

William J. Martinez
United States District Judge